UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY JOE BARBER, III,

           Plaintiff,

  v.

KITSAP COUNTY, *et al.*,

           Defendants.

Case No. 25-5076-TL-MLP

REPORT AND RECOMMENDATION

On January 23, 2025, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") along with a proposed complaint. (Dkt. ## 1, 1-1.) In the IFP application, Plaintiff indicated he is employed by the Christian Ministry Foundation, for which he makes no income, and that his daughter places $199.00 in his commissary each month. (Dkt. # 1.)

On January 30, 2025, the Clerk's Office filed a letter on the docket notifying Plaintiff that he used the incorrect IFP form and that he must submit a completed IFP application by March 3, 2025. (Dkt. # 3.) Plaintiff was warned that failure to remedy the deficiency could lead to dismissal of his case. (*Id.*)

On February 24, 2025, the Clerk's Office noted on the docket that Plaintiff's deficiency letter was returned as undeliverable with a note indicating Plaintiff is not in jail. (Dkt. # 4.)

REPORT AND RECOMMENDATION - 1

Pursuant to Local Civil Rule 41(b)(2), if a *pro se* plaintiff fails to notify the court and opposing parties within 60 days of their current mailing or email address, a court may dismiss the action without prejudice for failure to prosecute. To date, Plaintiff has not corrected the deficiency in his IFP application.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), cert. denied, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has not completed a proper affidavit of indigence. Accordingly, Plaintiff fails to demonstrate that he cannot afford court fees. (*See* dkt. # 1.) In addition, this Court is unable to seek further information from Plaintiff because he has not provided a current mailing address. (*See* dkt. # 4.) Under these circumstances, Plaintiff cannot be permitted to proceed IFP.

Accordingly, after careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee within thirty (30) days after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed judgement and order accompanies this Report and Recommendation.

1   Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2   served upon all parties to this suit not later than **fourteen (14) days** from the date on which this
3   Report and Recommendation is signed. Failure to file objections within the specified time may
4   affect your right to appeal. Objections should be noted for consideration on the District Judge's
5   motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
6   be filed by the day before the noting date. If no timely objections are filed, the matter will be
7   ready for consideration by the District Judge on June 3, 2025.
8   The Clerk is directed to send copies of this Report and Recommendation to the parties
9   and to the Honorable Tana Lin.
10  Dated this 19th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3